UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

Dieterich Standard, Inc., a Delaware Corporation, )
5601 North 71st Street )
Boulder, CO 80301 )
)
Plaintiff, )
)
- vs.- )
)
Jonathan W. Dudas, Director of the United )
States Patent & Trademark Office
Office of the Solicitor
PO Box 15667
Arlington, VA 22215

Defendant.

CASE NUMBER 1:05CV02296

JUDGE: Reggie B. Walton

DECK TYPE: Administrative Agency Review

DATE STAMP: 11/28/2005

# COMPLAINT

Plaintiff Dieterich Standard, Inc., by and through its undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1. This is an action arising under the patent laws of the United States. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 35 U.S.C. § 145.

2. The United States District Court for the District of Columbia is the appropriate venue for these actions pursuant to 28 U.S.C. § 1391(e) and 35 U.S.C. § 145.

## THE PARTIES

3. Dieterich Standard, Inc. is a Delaware corporation that researches, designs, manufactures and services precision flow measurement products and systems.

4. The Honorable Jon W. Dudas is Under Secretary of Commerce and Director of the United States Patent and Trademark Office.

## GENERAL ALLEGATIONS

5. Dieterich Standard, Inc. is the assignee of a U.S. Patent Application Serial No. 10/119,283 entitled Averaging Orifice Primary Flow Element (the "'283 application") with all rights in the claimed inventions. This application is currently pending before the United States Patent and Trademark Office ("PTO").

6. The PTO has rejected certain claims of the '283 application as unpatentable and has refused to issue a patent for the inventions claimed therein.

7. During the administrative proceedings involving the '283 application, the PTO failed to apply or comply with applicable case law and the PTO's statutory and regulatory requirements in examining the '283 application, in reviewing the actions of the examiner, in reconsidering its own actions, and ultimately, in refusing to issue a patent on the claimed inventions.

## CAUSE OF ACTION
(For Issuance of the '283 application)

8. Paragraphs 1-7 are incorporated herein by reference.

9. The inventors, Charles T. Orleskie and Terry Beachey, filed the '283 application on April 9, 2002. At present, the '283 application contains claims 1-15 and 17-21 ("the pending '283 claims"). Each of these claims is patentable. The '283 application and the pending '283 claims satisfy all applicable statutory and regulatory requirements and the PTO should issue a patent on the '283 application.

10. On January 31, 2003, Orleskie and Beachey assigned all rights in the '283 application to Dieterich Standard, Inc.

11. During prosecution, a PTO examiner rejected all of the pending '283 claims (claims 1-15 and 17-21) under 35 U.S.C. § 103 for alleged obviousness.

12. The examiner's decision was appealed to the Board of Patent Appeals and Interferences ("Board") on April 14, 2004.

13. On September 29, 2005, the Board affirmed the examiner's rejections under 35 U.S.C. § 103 of claims 1-15 over U.S. Patent No. 6,543,297 ("Kleven '297") in view of U.S. Patent Nos. 4,884,460 ("Nowacki") and affirmed the rejection of claim 20 over Kleven '297 in view of Nowacki and U.S. Patent No. 6,311,568 ("Kleven '568"). The Board reversed the examiner's rejections of claims 17-19 and 21.

14. The Applicants and Assignee are dissatisfied with the decision of the Board affirming the examiner's rejection of claims 1-15 and 20. The Board decision was erroneous and contrary to law.

15. Specifically, the Board erred in affirming the rejection of claims 1 through 15 pursuant to 35 U.S.C. § 103 as obvious and unpatentable over the cited prior art references of Kleven '297 in view of Nowacki and of claim 20 over Kleven '297 in view of Nowacki and Kleven '568. The cited prior art references do not disclose and enable all of the elements recited by claims 1-15 and 20 of the '283 application. Additionally, the cited prior art references do not provide teachings that would lead a person of ordinary skill in the art to the invention claimed as a whole by claims 1-15 and 20. Moreover, there is no motivation to combine the cited prior art references to obtain the invention claimed by claims 1-15 and 20. The Board also erred in misinterpreting the language of claims 1-15 and 20 of the '283 application. Finally, to the extent that a

prima facie case of obviousness is established, secondary considerations demonstrate the nonobviousness of the claimed invention.

16. The Applicants and the Assignee are entitled to obtain a patent on the inventions specified in claims 1-15 and 20 of the '283 application.

17. No appeal has been taken to the United Stated Court of Appeals for the Federal Circuit.

18. This Complaint is timely filed within 60 days of the decision of the Board.

19. On the facts and in compliance with the requirements of law, claims 1-15 and 20 of the '283 patent are patentable and the PTO should issue a patent on the '283 application.

WHEREFORE, plaintiff Dieterich Standard, Inc. respectfully prays for the entry of judgment decreeing that:

A. All pending claims of United States Patent Application No. 10/119,283 are patentable;

B. Reversing the affirmance of the Examiner's rejection of claims 1-15 and 20 of the United States Patent Application No. 10/119,283 by the United States Patent and Trademark Office Board of Patent Appeals and Interferences;

C. Authorizing Defendant, Jonathan W. Dudas, Undersecretary of Intellectual Property and Director of the United States Patent and Trademark Office, to issue a United States Patent for the invention as specified in claims 1-15 and 17-21 of United States Patent Application No. 10/119,283 and

D.   Granting such other relief as the Court shall deem just and proper.

DATED:   November 28, 2005

Respectfully submitted,

/s/ John Will Ongman
John Will Ongman, D.C. Bar # 378042
Barnes & Thornburg LLP
750 17th Street N.W., Suite 900
Washington, D.C. 20006-4675
(202) 289-1313
Of counsel:
Michael F. Borun
Roger A. Heppermann
Julianne M. Hartzell
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower 233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300

Counsel for Plaintiff