UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DIETERICH STANDARD, INC.,<br><br>                Plaintiff,<br><br>vs.<br><br>JONATHAN W. DUDAS,<br><br>                Defendant. | Civil Action No. 05-2296 (RBW) |

## RESPONSE TO ORDER TO SHOW CAUSE

On November 28, 2005, Plaintiff Dieterich Standard, Inc. filed its complaint instituting this action. On March 24, 2006, the Court noted that Plaintiff had made no further effort to prosecute the case and ordered Plaintiff to show cause why the case should not be dismissed for want of prosecution.

The Federal Rules of Civil Procedure "convey a clear message: complaints are not to be dismissed if served within 120 days or within such additional time as the court may allow." *Henderson v. United States*, 517 U.S. 654, 663 (1996). Here the complaint was served on March 28, 2006 -- within the 120 day period. Even if it had not, in the circumstances, there would be cause why the complaint should not be dismissed for want of prosecution.

### Background

When an applicant for a patent is "dissatisfied with the decision of the Board of Patent Appeals and Interferences" of the United States Patent and Trademark Office in an

administrative appeal from the disallowance by an examiner of patent claims, the applicant may commence suit against the Director of the Office in the United States Court for the District of Columbia. 35 U.S.C. §145. On September 29, 2005, the Board mailed a decision in an administrative appeal that had been filed on Plaintiff's behalf by the patent law firm Hanes & Schutz, P.C. to that firm's address in Colorado Springs, Colorado. (Attachment A, p. 10) Sometime after the issuance of the Board's decision, Plaintiff decided to change its patent counsel and retained Marshall, Gerstein & Borun LLP of Chicago, Illinois.

In order to perfect its judicial right to pursue an action under 35 U.S. C. § 145 with respect to the Board's September 29 decision, Plaintiff filed its complaint in this action on November 28, 2005 -- within sixty days of the Board's September 29 decision. Plaintiff also determined to pursue its administrative right to ask the Board to rehear its September 29 decision within "two months of the date of the original decision of the Board." 37 C.F.R. § 41.52(a)(1). On Plaintiff's behalf, therefore, the Marshall Gerstein firm filed a Request for Rehearing with the Board on November 29, 2005. (Attachment B, p. 15) In conformance with the practice of the Office, Plaintiff concurrently also filed a Power of Attorney and Change of Correspondence Address to revoke its previous power of attorney to the Hanes & Schutz firm in Colorado Springs, to grant the Marshall Gerstein firm Plaintiff's power of attorney to represent it at the Board, and to direct the Board to send all future correspondence to the Marshall Gerstein firm at its Chicago address. (Attachment C)

Plaintiff chose not to serve the complaint in this case during the time its Request for Rehearing was pending before the Board.[1] On February 16, 2006, the Board issued its decision

---

[1] Because the Request for Rehearing has been denied, the Request has no bearing on the finality of the issues before the Court. However, until the Request was denied, the precise scope of the issues final for purposes of judicial review was unknowable. 37 C.F.R. § 41.52(a)(1). Consequently, Plaintiff did not immediately serve its complaint

2

denying Plaintiff's Request for Rehearing -- but the Board mailed the decision not to the Marshall Gerstein firm in Chicago as it had been instructed to do so but, by mistake, apparently mailed it to Plaintiff's former firm, Hanes & Schutz, in Colorado Springs. (Attachment D, p. 8) Plaintiff did not learn of the existence of the Board's February 16 decision until March 24, 2006 when it made inquiries to the Board after receiving notice of this Court's March 24, 2006 Order to Show Cause.

Upon learning of the existence of the Board's February 16 decision, Plaintiff took immediate steps to perfect service of the complaint in this action. On March 24, 2006 -- the same day the Court issued its order to show cause -- Plaintiff submitted summons for signature and certification to the Clerk of this Court. The summons were issued on March 28, 2006. Plaintiff then immediately served the complaint on Defendant, the Attorney General, and the U.S. Attorney and electronically filed the three returns of service with the Clerk-- all on March 28, 2006. By doing so, the complaint and summons were served within 120 days after the November 28, 2005 filing of the complaint in conformance with Rule 4(m) of the Federal Rules of Civil Procedure.

## DISCUSSION

As explained above, the complaint was not served immediately to permit the administrative process to be completed. When it was completed in February 2006, the Board incorrectly served Plaintiff's former patent counsel whose authority to act on its behalf had been revoked. Plaintiff did not learn of the Board's decision until March 24, 2006 -- the day this Court's Order to Show Cause issued. Upon learning of the Board's decision denying Plaintiff's Request for Rehearing, Plaintiff immediately submitted summons for signature and certification

---

in this action but rather deferred serving it before the 120 day limit established in Rule 4(m) of the Federal Rules of Civil Procedure while its Request was pending before the Board.

with the Clerk on Friday, March 24 and, two business days later, effected service of the complaint and summons within 120 days of the November 28, 2005 filing date of the complaint. All this establishes good cause for this action to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully suggests that it has shown cause why this case should not be dismissed for want of prosecution. Consequently, the Court should permit this action to proceed before it.

Respectfully submitted,

/s/ John Will Ongman

John Will Ongman, D.C. Bar # 378042
BARNES & THORNBURG LLP
750 17th Street N.W., Suite 900
Washington, D.C. 20006-4675
(202) 289-1313

Counsel for Plaintiff


Michael F. Borun
Roger A. Heppermann
Julianne M. Hartzell
MARSHALL, GERSTEIN & BORUN LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, Illinois 60606-6357
(312) 474-6300

Dated: March 31, 2006                           Of Counsel