The opinion in support of the decision being entered today was not
written for publication and is <u>not</u> binding precedent of the Board.

**ATTACHMENT D**

UNITED STATES PATENT AND TRADEMARK OFFICE

———————

BEFORE THE BOARD OF PATENT APPEALS
AND INTERFERENCES

———————

*Ex parte*

CHARLES THEODORE ORLESKIE and TERRY XEN BEACHEY

———————

**MAILED**

**FEB 1 6 2006**

U.S. PATENT AND TRADEMARK OFFICE
BOARD OF PATENT APPEALS
AND INTERFERENCES

Appeal No. 2005-2404
Application No. 10/119,283

———————

ON BRIEF

———————

Before HAIRSTON, KRASS, and OWENS, *Administrative Patent Judges*.

OWENS, *Administrative Patent Judge*.


*ON REQUEST FOR REHEARING*

The appellants request rehearing of our decision mailed on

September 29, 2005 as to our affirmance of the rejection under

35 U.S.C. § 103 of claims 1-15 over Kleven '297 in view of

Nowacki and claim 20 over Kleven '297 in view of Nowacki and

Kleven '568.

Appeal No. 2005-2404
Application No. 10/119,283

The appellants argue that the board must have either found that Nowacki's bores are apertures or that Nowacki teaches that apertures could be substituted for Nowacki's bores (request, pages 3-5 and 10, footnote 6). The test for obviousness is not whether the features of one reference may be bodily incorporated into the structure of another reference, or whether one or all of the references must expressly suggest the claimed invention but, rather, is what the combined teachings of the references would have fairly suggested to one of ordinary skill in the art. *See In re Keller*, 642 F.2d 413, 425, 208 USPQ 871, 881 (CCPA 1981); *In re Wood*, 599 F.2d 1032, 1036-37, 202 USPQ 171, 174 (CCPA 1979); *In re Van Beckum*, 438 F.2d 1001, 1005, 169 USPQ 47, 50 (CCPA 1971); *In re Bozek*, 416 F.2d 1385, 1390, 163 USPQ 545, 549-50 (CCPA 1969); *In re Cochran*, 374 F.2d 1017, 1023, 153 USPQ 195, 201 (CCPA 1967). Nowacki's disclosure that, compared to a single large hole or bore of substantially equal area, a plurality of small bores provides 1) less restriction to flow and, therefore, a stronger signal, 2) better control of air flow without molecules of air collecting in the flow path, and 3) less tumbling of air (col. 3, lines 53-62), would have fairly suggested, to one of ordinary skill in the art, the use of a

2

Appeal No. 2005-2404
Application No. 10/119,283

plurality of small holes instead of the Kleven '297 single large
hole to obtain those benefits.

The appellants argue that the problems addressed by Nowacki
pertain only to bores (request, pages 7-8). Nowacki's phrase
"[a]s compared with a single large hole or bore" (col. 3,
lines 54-55) would have fairly suggested, to one of ordinary
skill in the art, that the benefits following that phrase pertain
to holes or bores.

The appellants argue that there is no evidence that one of
ordinary skill in the art would have considered the problems of
signal strength, air flow control and tumbling of air addressed
by Nowacki (col. 3, lines 53-62) to exist in the Kleven '297
differential pressure flow plate (request, pages 7-8). The
evidence is Nowacki's comparison to a "hole or bore" (col. 3,
line 55). That disclosure would have fairly suggested, to one of
ordinary skill in the art, that the benefits regarding signal
strength, air flow control and reduced tumbling of air following
that disclosure would apply to the hole (112) in the Kleven '297
differential pressure flow plate (102). The appellants have not
provided evidence to the contrary but, rather, have merely
provided attorney argument. Arguments of counsel cannot take the

3

Appeal No. 2005-2404
Application No. 10/119,283

place of evidence. *See In re De Blauwe*, 736 F.2d 699, 705, 222

USPQ 191, 196 (Fed. Cir. 1984); *In re Payne*, 606 F.2d 303, 315,

203 USPQ 245, 256 (CCPA 1979); *In re Greenfield*, 571 F.2d 1185,

1189, 197 USPQ 227, 230 (CCPA 1978); *In re Pearson*, 494 F.2d

1399, 1405, 181 USPQ 641, 646 (CCPA 1974).

The appellants argue that Nowacki discloses at column 1,

lines 32-49, other details of the venturi device such as the

relative diameters at the middle and the ends (request, page 9).

That disclosure further states that four small bores produce

superior results compared to a single large bore (col. 1,

lines 46-49). The above-discussed portion of Nowacki (col. 3,

lines 53-63) would have fairly suggested to one of ordinary skill

in the art that the benefits set forth in that portion of using

four small bores instead of a single large bore are applicable to

holes or bores.

The appellants argue that Nowacki describes at column 3,

line 65 to column 4, line 5, a specific structure and bore

location needed to obtain a stronger signal (request, pages 9-

10). That portion of Nowacki discloses that the bores are

slightly closer to the large end of the venturi device than to

the small end to maximize signal, and that the near equality in

4

Appeal No. 2005-2404
Application No. 10/119,283

diameter of the counterbores (30 and 32) is important in
producing proper air flow.  The disclosure that positioning the
bores near the large end maximizes signal does not diminish the
disclosure that using a plurality of small bores rather than a
single large hole or bore of substantially equal area also
produces a stronger signal (col. 3, lines 53-62).

The appellants argue that there is no evidence that
Nowacki's disclosed advantages of a venturi device which connects
to tubing that is either stretched over or wedged into the ends
of the device (col. 3, lines 19-33) would be applicable to the
appellants' device comprising annular mounting flanges having
circumferential outside surfaces and interior openings that
correspond in shape and size to the inside cross section of a
conduit (request, pages 11-12).  Nowacki does not disclose that
the benefits of a plurality of small bores compared to a single
large hole or bore of substantially equal area (col. 3, lines 53-
62) depend upon the relation between the size of the ends of the
device and the tubing to which the ends are attached.  Thus, that
disclosure by Nowacki would have fairly suggested, to one of
ordinary skill in the art, that the disclosure applies to hole or
bore sizes generally.  The appellants have not provided evidence
to the contrary.

5

Appeal No. 2005-2404
Application No. 10/119,283

The appellants argue that Nowacki's disclosure that a
stronger signal is obtained by use of a plurality of small bores
that have 30% less restriction to flow than a single large hole
or bore of substantially equal area is technically incorrect
because the multiple bores with the same area would produce the
same restriction to flow and the same signal strength (request,
pages 12-13). To obtain a stronger signal, the appellants argue,
one of ordinary skill in the art would have known that a bore
having a smaller cross sectional area would be required (request,
page 13). The appellants, however, provide no evidence that the
30% less restriction to flow, ability to measure lower air flows,
better control of air flow without molecules of air collecting in
the flow path, and less tumbling of air disclosed by Nowacki
(col. 3, lines 53-62) would not be obtained by use of a plurality
of bores having the same cross sectional area as a single large
hole or bore. The appellants have merely provided attorney
argument to that effect, and such argument cannot take the place
of evidence. *See De Blauwe*, 736 F.2d at 705, 222 USPQ at 196;
*Payne*, 606 F.2d at 315, 203 USPQ at 256; *Greenfield*, 571 F.2d at
1189, 197 USPQ at 230; *Pearson*, 494 F.2d at 1405, 181 USPQ at
646.

6

Appeal No. 2005-2404
Application No. 10/119,283

    For the above reasons we are not convinced of error in our

decision.  Accordingly, we decline to make any change to the

decision.

*DENIED*

    No time period for taking any subsequent action in

connection with this appeal may be extended under 37 CFR

§ 1.136(a).


KENNETH W. HAIRSTON                    )
Administrative Patent Judge            )
                                       )
                                       )
                                       )  BOARD OF PATENT
ERROL A. KRASS                         )     APPEALS
Administrative Patent Judge            )      AND
                                       )  INTERFERENCES
                                       )
                                       )
TERRY J. OWENS                         )
Administrative Patent Judge            )


7

Appeal No. 2005-2404
Application No. 10/119,283


HANES & SCHUTZ, LLC
102 SOUTH TEJON ST.
SUITE 800
COLORADO SPRINGS, CO  80903

TJO/jrg

8