UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIETERICH STANDARD INC, )<br>A Delaware Corporation, )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>JONATHAN W. DUDAS, )<br>Director of the United States )<br>Patent & Trademark Office, )<br> )<br>Defendant. )<br>_____ ) | Civil Action No. 1:05-cv-02296-RBW |

## ANSWER

Defendant denies each and every allegation of the First Amended Complaint not expressly admitted in this answer.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Pending claims 1-15 and 20 of U.S. Patent Application Serial No 10/119,283, entitled "Averaging Orifice Primary Flow Element" (the '283 application), are unpatentable.

#### Second Affirmative Defense

Pursuant to 35 U.S.C. § 145, Plaintiff is required to pay all of Defendant's expenses, including, but not limited to, expert fees, copies, travel expenses, and deposition fees.

#### Third Affirmative Defense

Plaintiff waived the presentation of any new evidence relating to issues not presented to the Board, waived the presentation of any new evidence that was not presented to the Board because of lack of diligence by the Plaintiff, and waived the presentation of evidence or

arguments relating to issues that Plaintiff voluntarily, negligently, or intentionally chose not to present to the Board.

**Fourth Affirmative Defense**

Defendant reserves the right to assert affirmatively any other matter that constitutes an avoidance or affirmance under Fed. R. Civ. P. 8(c).

In response to Plaintiff's First Amended Complaint, Defendant hereby answers the complaint as follows. Defendant admits, denies, or otherwise avers as follows:

1. Defendant admits that this action was brought pursuant to 35 U.S.C. § 145, but notes that the remaining allegations contained in paragraph 1 constitute Plaintiff's characterization of this civil action and legal conclusions regarding jurisdictional arguments to which no response is required. To the extent an answer is deemed required, Defendant denies the remaining allegations in paragraph 1.

2. Defendant admits that venue is proper in the U.S. District Court for the District of Columbia for actions brought pursuant to 35 U.S.C. § 145, but notes that the remaining allegations contained in paragraph 2 constitute Plaintiff's characterization of this civil action and legal conclusions regarding jurisdictional arguments to which no response is required. To the extent an answer is deemed required, Defendant denies the remaining allegations in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3, and so denies.

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits that this civil action involves the U.S. Patent Application Serial

2

No 10/119,283 entitled "Averaging Orifice Primary Flow Element" (the '283 application), but notes that the remaining allegations contained in paragraph 5 constitute Plaintiff's legal conclusions, to which no response is required and to the extent an answer is required, Defendant denies.

6. Defendant admits the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute Plaintiff's characterization of this civil action and legal conclusions to which no response is required and to the extent an answer is required, Defendant denies.

8. Defendant's response to paragraphs 1-7 are incorporated by reference.

9. Defendant admits that Charles T. Orleskie and Terrry Beachey are listed as the inventors on the application, that the application was assigned a filing date of April 9, 2002, but notes that the allegations contained in the remaining sentences of paragraph 9 constitute Plaintiff's characterization of this civil action and legal conclusions regarding the patentability of claims in the '283 application to which no response is required and to the extent an answer is required, Defendant denies.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 and so denies.

11. Defendant admits that during prosecution the USPTO examiner rejected claims 1-15 and 20 under 35 U.S.C. § 103 as obvious.

12. Defendant denies the allegations contained in paragraph 12, but admits that on or about February 23, 2004, the USPTO entered into the '283 application a notice of appeal filed by

the applicant appealing the examiner's final office action to the Board of Patent Appeals and Interferences.

13. Defendant admits the allegations contained in paragraph 13.

14. Defendant admits that applicant filed a Request for Rehearing with the Board but notes that the allegations contained in remaining sentences of paragraph 14 constitute Plaintiff's characterization of legal arguments, Plaintiff's characterization of this civil action, and further constitute legal conclusions regarding the patentability of the claims to which no response is required and, to the extent an answer is required, Defendant denies.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 regarding the state of mind of the Applicants and Assignees, but notes that the allegations contained in the remaining sentences of paragraph 16 regarding the Board's decision constitute Plaintiff's characterization of this civil action and legal conclusions regarding the patentability of the claims to which no response is required and, to the extent an answer is required, Defendant denies.

17. The allegations contained in paragraph 17 constitute Plaintiff's characterization of this civil action and legal conclusions to which no response is required and to the extent an answer is required, Defendant denies.

18. The allegations contained in paragraph 18 constitute a prayer for relief to which no answer is required. To the extent an answer is required, Defendant denies.

19. Defendant is not aware of any appeal taken by Plaintiff to the U.S. Court of

Appeals for the Federal Circuit, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19, and so denies.

20. The allegations contained in paragraph 20 regarding the timeliness of Plaintiff's filing of both complaints constitute Plaintiff's characterization of this civil action and legal conclusions regarding jurisdictional arguments to which no response is required, but to the extent an answer is required, Defendant denies.

21. The allegations contained in paragraph 21 constitute Plaintiff's characterization of this civil action and legal conclusions to which no response is required and to the extent an answer is required, Defendant denies. To the extent the allegations contained in paragraph 21 constitute a prayer for relief, no answer is required, but to the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant

The paragraphs following paragraph 21 (<u>i.e.</u>, A, B, C and D) of the complaint constitute a prayer for relief to which no answer is required. To the extent an answer is required, Defendant denies that Plaintiff is entitled to any relief whatsoever from Defendant.

WHEREFORE, Defendant requests the Court to enter a judgment:

Dismissing the complaint against Defendant with prejudice;

i. Awarding Defendant compensation pursuant to 35 U.S.C. § 145 for all expenses incurred in defending this action; and

ii. Awarding Defendant such other and further relief as the Court deems just, equitable and proper.

**Dated: May 30, 2006**

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____
RUDOLPH  CONTRERAS, D.C. Bar #  434122
Assistant United States Attorney

_____
BENTON G. PETERSON, WI. Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238 514-8780 (Facsimile)
**Benton.Peterson@usdoj.gov**


Of Counsel:

John M. Whealan
Solicitor, and Deputy General Counsel

Thomas L. Stoll
William G. Jenks
Associate Solicitors

U.S. Patent and Trademark Office
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035