UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DIETERICH STANDARD INC, <br> A Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN W. DUDAS, <br> Director of the United States <br> Patent & Trademark Office, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:05-cv-02296-RBW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION FOR REMAND

Plaintiff, Dieterich Standard Inc. ("Dieterich"), and Defendant, Director of the United States Patent and Trademark Office ("USPTO"), jointly move to remand this case to the USPTO to permit further proceedings. A proposed ORDER is attached.

In light of newly discovered prior art, the parties agree that this case should be remanded back to the USPTO for further action on Plaintiff's patent application. Because the USPTO is the expert agency charged with examining patent applications, it is more efficient for the USPTO to consider the newly discovered prior art, and any evidence submitted by the Plaintiff, in the first instance. Allowing the USPTO to consider the newly discovered prior art in the first instance will promote "sound judicial administration, since the application of Patent Office expertise in the first instance may either obviate the need for judicial consideration, or illuminate the issues and facilitate the court's disposition." DeSeversky v. Brenner, 424 F.2d 857, 859 (D.C. Cir. 1970). The Court has the inherent authority to remand the application to the USPTO to consider new art, as it has often in the past. See Pavel v. Lehman, Civ. Action No. 96-238,

Mem. Op. at 1, 4-6 (D.D.C. August 17, 1998) (Kollar-Kotelly, J.) (§ 145 case dismissed and remanded to address prior art references not previously considered because "courts should not be deprived of any assistance which might be gained from the expertise of the of the . . . patent office"); see also <u>ExxonMobil Chem. Patents Inc. v. Godici</u>, Civ. Action No. 01-377 (HHK), Mem. Op. at 5-6 (D.D.C. Feb. 12, 2002) (citing <u>Pavel v. Lehman</u> and other D.D.C. cases remanded to the USPTO after additional prior art was discovered). Upon remand, the USPTO will conduct proceedings in an expedited manner, in accordance MPEP §§1216.01 and 1216.02.

Respectfully submitted,

*[signature]*

John Will Ongman, D.C. Bar #378042
Barnes & Thornburg LLP
750 17th St. N.W., Ste 900
Washington, D.C. 20006-4675


Of Counsel:

Michael F. Borun
Roger A. Heppermann
Julianne M. Hartzell
Marshall, Gerstein & Borun LLP
6300 Sears Tower
Chicago, IL 60606-6357
*Attorneys for Plaintiff*
*Dieterich Standard, Inc.*

Kenneth L. Wainstein, D.C. Bar #451058
United States Attorney


Rudolph Contreras, D.C. Bar #434122
Assistant United States Attorney


Benton G. Peterson, D.C. Bar # 1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7238;
(202) 514-8780 (facsimile)
Benton.Peterson@usdoj.gov

Of Counsel:

John M. Whealan
Solicitor

Thomas L. Stoll
William G. Jenks
Associate Solicitors
Office of the Solicitor – PTO
P.O. Box 15667
Arlington, VA 22215
(571) 272-9035
*Attorneys for Defendant Director of the*
*United States Patent and Trademark Office*